**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12422
Non-Argument Calendar
_____

EDWARD J. RUTLAND,

*Plaintiff-Appellant,*

*versus*

LDS PROPERTIES, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cv-00169-HES-LLL
_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Proceeding pro se, Edward Rutland sued LDS Properties, Inc., and the Church of Jesus Christ of Latter-Day Saints after they

exiled him from the flock.  He alleged libel, elder abuse, and other wrongs by the church and sought millions in damages.  After providing him with several opportunities to amend, the district court found that he had failed to state a claim against the church and dismissed it from the case with prejudice.

Rutland tried to amend his complaint to bring the church back into the suit, but the district court denied his motion for leave to amend because the claims against the church had already been dismissed with prejudice.  And since Rutland had admitted that the other defendant, LDS Properties, had been added "only as a diversion" to keep the case alive, the district court also dismissed the claims against that party with prejudice.  Rutland now appeals, and appears to challenge both the dismissal of his case and the various denials of leave to amend.  We affirm.

## I.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  We review the denial of a motion to amend for abuse of discretion.  *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015).

## II.

While "we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation and emphasis omitted).  An "appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory

25-12422                Opinion of the Court                3

manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Rutland has abandoned his claim. He fails to cite any authorities and raises issues only in a perfunctory manner, instead making a variety of assertions about defamation law, religious liberty, elder abuse, scheduling issues, and other topics. Even construed liberally, Rutland's arguments fail.

⋆    ⋆    ⋆

We **AFFIRM** the district court's denials of leave to amend and dismissal of the case.